## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **GREGORY L. WHITE** | ) | |
| | ) | |
| **&** | ) | |
| | ) | |
| | ) | |
| **DONALD CHRISTIAN** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 06-1423 (RCL)** |
| | ) | |
| **OCEAN DUCHESS, INC.** | ) | |
| | ) | |
| **&** | ) | |
| | ) | |
| **UNITED STATES GOV'T** | ) | |
| **DEP'T OF TRANSPORTATION** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM & ORDER

Plaintiffs Gregory White and Donald Christian have each filed a Title VII action for racial discrimination, and an intentional infliction of emotional distress claim against their employer, Ocean Duchess, Inc. and the Department of Transportation.  White also alleges a Retaliation action under Title VII, and Christian asserts an age discrimination action under the ADEA. Defendants Ocean Duchess, Inc. (ODI) and the U.S. Department of Transportation have both moved to dismiss the complaint for improper venue under Fed. R. Civ. P. 12(b)(3) or in the alternative a venue transfer under 28 U.S.C. § 1404 or 1406.  For reasons stated herein, defendants' motions to transfer venue are GRANTED.

1

## I. Factual Background

Plaintiffs are two African-American males who were employed on the ship the S.S. Cape

May from February 2000 until September 13, 2005.  The U.S. Department of Transportation

owns the ship and awarded operation contracts to two different companies during this time.

Compl. at ¶¶ 13, 15.  Plaintiffs had originally been employed under Interocean, Inc. but In

August 2005, U.S. Department of Transportation awarded a new contract to Ocean Duchess, Inc.

(ODI).  Compl. at ¶ 2.  Plaintiffs, however, are not employees of the DOT, and the agency has no

official records on the employment of either plaintiff.  DOT Mot. Dismiss at 14.  ODI took on the

S.S. Cape May's current employees at the time and entered into a probationary period to assess

the desirability of each employee and then determine whether to continue their employment.

Compl. at ¶ 16.  The probationary period was 60 days in length and plaintiffs were discharged

after 29 days. *Id*.  The S.S. Cape May was stationed in Norfolk, VA during plaintiffs' requisite

employment. Compl. at ¶ 13.  ODI has its primary offices in Norfolk, VA and Houston, TX.

Compl. at ¶¶ 1, 2.  The U.S. Dep't of Transportation maintains its headquarters in Washington,

D.C., but also has offices in Norfolk, VA. Def. DOT's Mot. Dismiss at 15.

## II. Legal Standards

Defendants have each moved for the complaint to be dismissed under Rule 12(b)(3) for

improper venue, or in the alternative, to transfer the action to Eastern District of Virginia.

Because both Plaintiffs have asserted a Title VII claim for employment discrimination, the court

must consider § 2000e-5(f)(3) of the Act which governs venue in Title VII actions.  Title VII of

the Civil Rights Act of 1964 provides specifically four judicial districts that may hear an

2

employment discrimination claim.  The Act states, "[S]uch an action may be brought in [1] any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, [4] but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office."  28 U.S.C. § 2000e-5(f)(3).

The venue standard under Title VII is more narrow than the general federal question venue requirements under 28 U.S.C. § 1391(b).   § 1391(b) holds that venue is proper in any judicial district [1] where any defendant resides, if all defendants reside in the same State, [2] where a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) where any defendant may be found, if there is no district in which the action may be otherwise be brought.  28 U.S.C. § 1391(b).

In multiple cause of action complaints, the court must determine which venue rules apply when the claims call for different venue standards; in this case, either the standards under 28 U.S.C. § 2000e-5(f)(3) or 28 U.S.C. § 1391(b).  To determine this, the court must make a finding as to which of the claims is the "primary" one.  *See*, *Hayes v. RCA Service Co*., 546 F.Supp 661, 663 (D.D.C. 1982) ("[I]f one of the causes of action can be considered a principal one and the others are secondary, proper venue must be established for that principal cause of action").  See also, *Laffey v. Northwest Airlines*, *Inc.*, 321 F.Supp. 1041, 1042 (D.D.C. 1971); *Turbeville v. Casey*, 525 F.Supp. 1070 (D.D.C. 1981). The court must be especially concerned with this when

the primary cause of action has a narrower venue requirement than the other claims.  *Haynes*, 546 F.Supp 661, 663.

### III. Analysis

Plaintiffs' cause of action is governed by Title VII because the racial discrimination claim (Count I) is their primary cause of action against defendant ODI.  Count I is principal because the Intentional Infliction of Emotional Distress claim (Count IV) is contingent on the court finding that the plaintiffs were discriminated against.  Further, plaintiffs have filed the action in federal court under federal question jurisdiction.  If the emotional distress claim was the principal claim, the plaintiffs may have instead chosen to file the case in state court because a cause of action for emotional distress is state substantive tort law.  The fact that the plaintiffs filed in federal court shows that they meant for the Title VII and ADEA claims to carry more weight than the emotional distress claim.  Thus, Count IV is subordinate to the other claims.  Counts II and III are subordinate to Count I because both plaintiffs join in Count I.  Only White brings Count II (Retaliation) and Christian brings Count III (Age Discrimination).  Compl. at 26-30, 31-33. Consequently, Count I is the principal cause of action.

The court must be especially careful to apply the venue standards of Title VII in applicable cases because the statute suggests that it was the intent of Congress to make sure that those claims be brought in the districts in which the discrimination actually took place. Presumably, this is to help facilitate the case by making it convenient to procure employment records, obtain witness testimony, and such.  The court in *Stebbins v. State Farm Mut. Auto. Ins.*

*Co.*, found the fourth venue standard[1] in § 2000e-5(f)(3) to be particularly indicative of this intent 413 F.2d 1100, 1103 (D.C. Cir. 1969) (noting that Congress wanted the action to take place in a district concerned with the alleged discrimination because the fourth possible district allows for the case to be brought, if all else fails, in a place where the defendant has its primary office). Therefore, the court should be especially careful to ensure that it has jurisdiction over Title VII cases.

Venue is not proper in the District of Columbia because (1) the discrimination is not alleged to have taken place in the District of Columbia, (2) the relevant employment records are not maintained or administered in the District of Columbia, (3) White and Christian would have not worked in the District of Columbia but for the alleged discrimination and finally, ODI has its principal offices in Virginia and Texas, neither of which are D.C.  It is true that the Department of Transportation is headquartered in D.C. and this presumably is why plaintiffs filed in the district, but this is not enough to make a D.C. venue proper under § 2000e-5(f)(3).  The fourth judicial district option is only available if the other first three are not attainable.  Because the action could be brought in Norfolk, VA under either (1), (2), or (3), the District of Columbia is not available as an appropriate venue under § 2000e-5(f)(3).  *See e.g.*, *Darby v. U.S. Dept. of Energy*, 231 F.Supp.2d 274, 278 (D.D.C. 2002) (even though the defendants have principal offices in D.C., venue is not appropriate because the action could be brought under (1),(2) or (3) in the Southern District of Ohio).

---

[1] "[B]ut if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office" 28 U.S.C. § 2000e-5(f)(3).

Furthermore, venue is not proper in the District of Columbia under the more lenient standard set forth in 28 U.S.C. § 1391(b).[2]  First, the defendants do not reside in the same state; therefore the first option is not available.  Second, a substantial part of the events giving rise to the claim occurred in Norfolk, VA, not Washington, D.C.  Plaintiffs assert that the actual firing took place in Norfolk.  Compl. at ¶ 7.  Also, the vessel on which plaintiffs worked was pre-positioned in Norfolk, VA. Compl. at ¶ 13.  Lastly, the action may not be brought in Washington, D.C. because there exists another district in which the action may be brought, specifically, the Eastern District of Virginia.

28 U.S.C. § 1406(a) directs the court to "dismiss, or if it be in the interest of justice, transfer such case" to the proper venue.  The interest of justice phrase has been interpreted to require the court to choose to transfer instead of dismiss the case.  *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962); *James v. Booz-Allen*, 2002 WL 31119865, at 3 (D.D.C. Jul. 31, 2002).  Therefore, the court has chosen to transfer the case to the Eastern District of Virginia instead of granting defendant's motion to dismiss under Rule 12(b)(3).

### IV. Summary

Under either venue statutes, this court does not have the jurisdiction over a case in which all relevant events occurred in Norfolk, VA.  The firing took place in VA, the employment records are located in VA, and the plaintiffs would have worked in VA should they not have been fired.  Further, any connection that the District of Columbia has with this case is limited to the

---

[2] Section (b) holds that a claim may be brought in any district, "(1) where any defendant resides, if all defendants reside in the same State, (2) where a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) where any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b).

location of the DOT.  Venue is not proper in D.C. and the case shall be transferred to the Eastern

District of Virginia, because not only does it satisfy one of the Title VII standards, it satisfies all

of them.

For the foregoing reasons, defendants' alternative Motions to transfer venue to the

Eastern District of Virginia are GRANTED.

Defendants' motions to dismiss under Rule 12(b)(3) are DENIED.  Further, a ruling on

the defendants' motions to dismiss on 12(b)(1) and 12(b)(6) grounds are DEFERRED, to be

resolved by the transferee Court.

SO ORDERED.

Signed by United States District Judge Royce C. Lamberth, June 19, 2007