UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Norfolk Division**

GREGORY L. WHITE, and

DONALD CHRISTIAN,

       Plaintiffs,

v.                                                  ACTION NO. 2:07cv300

OCEAN DUCHESS INC., and

UNITED STATES GOVERNMENT
UNITED STATES DEPARTMENT OF
TRANSPORTATION MARITIME
ADMINISTRATION,

       Defendants.

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This action was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure, as well as Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia, for a recommendation for the disposition of the pending motions to dismiss filed by Ocean Duchess Inc. [Doc. No. 5] and the United States Department of Transportation Maritime Administration [Doc. No. 18]. For the reasons set forth below, the Court recommends the motions to dismiss the complaint with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) be GRANTED in part.

## I. Factual and Procedural History

Plaintiffs, two African-American males, served as crewmembers on the S.S. Cape May beginning in February 2000. Compl. ¶ 14.[1] Both plaintiffs consistently received "Very Good" and "Excellent" ratings on evaluations and performance reports. Compl. ¶ 21. Plaintiffs became employees of Ocean Duchess Inc. ("ODI") on August 14, 2005, Compl. ¶ 8, when ODI was awarded a contract by the United States Department of Transportation Maritime Administration ("DOT") to operate the S.S. Cape May. Compl. ¶¶ 14, 15. A sixty-day probationary period was instituted for the crewmembers after the contract was awarded to ODI. Compl. ¶ 16. Plaintiffs were discharged on September 13, 2005, during their probationary period, Compl. ¶ 18, and were replaced by white employees. Compl. ¶ 22. Plaintiffs filed complaints with the Equal Employment Opportunity Commission, and both received a right to sue letter. Compl. ¶ 12.

Plaintiffs filed this action in the United States District Court for the District of Columbia on August 11, 2006, under Title VII of the Civil Rights Act and 42 U.S.C. § 2000e-3(a) asserting they were subjected to racial discrimination by defendants, and were forcibly terminated based on race. Compl. ¶ 9. In Count II, Mr. White claims he was terminated in direct retaliation for expressing his opposition to the discriminatory practices of ODI's predecessor Interocean Ugland. Compl. ¶ 30. Mr. Christian brings a claim in Count III under the Age Discrimination in Employment Act, 29 U.S.C. § 623(a). Compl. ¶ 32. Lastly, in Count IV, both plaintiffs claim intentional infliction of emotional distress. Compl. ¶¶ 35-38.

Defendants filed motions to dismiss the Complaint pursuant to Federal Rules of Civil

---

[1] According to plaintiffs opposition to ODI's motion to dismiss, plaintiff Gregory L. White became a crewmember on the S.S. Cape May in December of 2000, and plaintiff Donald Christian had been a crewmember on the vessel since October 1995. Pl. Opp. pp. 1-2.

Procedure 12(b)(1), 12(b)(3) and 12(b)(6), asking that the Complaint be dismissed or alternatively that the case be transferred to this court [Doc. Nos. 5, 18]. On June 19, 2007, the United States District Court for the District of Columbia granted the motions to transfer venue and transferred the case to this court [Doc. No. 24]. The United States District Court for the District of Columbia denied the motion to dismiss pursuant to Rule 12(b)(3), and deferred ruling on the motions to dismiss pursuant to Rules 12(b)(1) and 12(b)(6).

On October 12, 2007, the two motions to dismiss were referred to the undersigned to conduct necessary hearings and submit a Report and Recommendation to the United States District Judge for disposition. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and argument would not aid in the decisional process at this stage.

## II. Analysis

Defendants have moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. "[T]he burden is on the party asserting jurisdiction to demonstrate that jurisdiction does, in fact, exist." Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir.1999). When a defendant challenges subject matter jurisdiction in addition to presenting other defenses, questions of subject matter jurisdiction must be decided first, because they concern the court's very power to hear the case. See Owens-Illinois, Inc. v. Meade, 186 F.3d 435, 442 (4th Cir.1999). If the court lacks subject matter jurisdiction, it must dismiss the case. See Fed. R. Civ. P. 12(h)(3). When a defendant challenges subject matter jurisdiction via a Rule 12(b)(1) motion to dismiss, the pleadings may be regarded as mere evidence on the issue and evidence outside the pleadings may be considered without converting the motion to dismiss into a motion for summary

judgment. See Velasco v. Government of Indonesia, 370 F.3d 392, 398 (4th Cir.2004).

Defendants have also moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint; it "'does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses.'" Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999) (quoting Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992)). A plaintiff "must sufficiently allege facts to allow the Court to infer that all elements of each of his causes of action exist." Jordan v. Alternative Resources Corp., 458 F.3d 332, 344-45 (4th Cir. 2006), cert. denied, 127 S.Ct. 2036 (2007). The Supreme Court recently advised that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (internal quotations and citations omitted). In ruling on a motion to dismiss, the Court must accept as true well-pleaded allegations and construe them in favor of the non-moving party. Randall v. U.S., 30 F.3d 518, 522 (4th Cir. 1994). With these controlling principles in mind, the Court turns to the merits of defendants' motions.

    **A.**    **ODI's Motion to Dismiss Title VII Claims**

ODI asserts the court lacks subject matter jurisdiction over this action because ODI does not constitute an "employer" under Title VII. Title VII defines "employer" as an individual or firm that is "engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any

agent of such a person...." 42 U.S.C. § 2000e(b). Whether ODI meets the definition for an employer under Title VII is an element of the plaintiffs' claim for relief, not a jurisdictional issue. Arbaugh v. Y & H Corp., 546 U.S. 500, 516 (2006).

ODI requested a hearing to present evidence that it did not employ the requisite number of individuals for the requisite period of time, and also submitted a supplemental reply brief [Doc. No. 15] in support of their motion to dismiss with the declaration of Robert T. Miller, Esquire, attached. The Court cannot rely on evidence outside of the pleadings as would be allowed if the issue were properly brought under Rule 12(b)(1). This defense must be asserted under Rule 12(b)(6), and reliance on the submitted declaration would require conversion of the motion to dismiss into a motion for summary judgment. To do so before plaintiffs have had an opportunity for discovery on this issue would be premature, therefore, the Court will exclude the evidence presented by ODI from consideration. See Pueschel v. U.S., 369 F.3d 345, 354 (4th Cir. 2004). The Court recommends that ODI's motion to dismiss the Title VII claims for failure to meet the statutory definition of employer be DENIED.

### B. ODI's Motion to Dismiss Count II - Retaliation

ODI moves to dismiss Mr. White's retaliation claim for failure to state a claim. Mr. White alleges defendants were aware of his instituting a race discrimination action against his previous employer. Compl. ¶ 27. Mr. White was told by defendants he received "excellent" marks on his evaluations only because they were aware of his past racial discrimination claims. Compl. ¶ 29. Lastly, Mr. White alleges he was terminated in direct retaliation for expressing his opposition to the discriminatory practices of his previous employer. Compl. ¶ 30.

To establish a prima facie case of retaliation under Title VII, an employee must demonstrate that: 1) the employee engaged in protected activity; 2) the employer took some adverse employment

action against the employee; and 3) a causal connection existed between the protected activity and the adverse action. See Causey v. Balog, 162 F.3d 795, 803 (4th Cir.1998); Carter v. Ball, 33 F.3d 450, 460 (4th Cir.1994).

Mr. White has sufficiently alleged prong two of the analysis, as he was terminated from his employment with ODI. However, his allegations regarding engaging in a protected activity and termination as a result of the protected activity are more tenuous. The protected activity on which he relies appears to have occurred while he was employed by Interocean Ugland, his previous employer. The Fourth Circuit does not require direct evidence of a causal connection between the protected activity and the adverse action at the motion to dismiss stage, and allegations of an adverse employment action which follows protected activity suffice. See Williams v. Cerberonics, 871 F.2d 452 (4th Cir. 1989) (plaintiff stated a prima facie case even though there was no evidence of a causal connection other than the fact that the plaintiff had engaged in protected activity and was subsequently discharged; "[w]hile this proof far from conclusively establishes the requisite causal connection, it certainly satisfies the less onerous burden of making a prima facie case of causality"); McNairn v. Sullivan, 929 F.2d 974 (4th Cir. 1991) (plaintiff stated a prima facie case even though there was no evidence of a causal connection other than the fact that the plaintiff was fired after bringing a lawsuit).

ODI argues the plaintiffs' protected activity must have occurred during their brief employment with ODI in order to state a claim for retaliation. ODI cites no case in support of this argument. The plaintiffs have alleged facts sufficient to give the defendants fair notice of their retaliation claim and the grounds upon which it rests under Rule 8. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). The court will not address the merits of the claim on a motion to dismiss. The Court

recommends DENYING ODI's motion to dismiss Count II, Mr. White's retaliation claim.

### C. ODI's Motion to Dismiss Count III - Age Discrimination

The ADEA makes it illegal for an employer to "discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C.A. § 623(a)(1). To succeed on an ADEA claim, the plaintiff must demonstrate, that "the plaintiff's age ... actually played a role in the employer's decisionmaking process and had a determinative influence on the outcome." Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 141 (2000). A plaintiff can establish an ADEA claim "through two alternative methods of proof:" (1) a "pretext" framework that employs the McDonnell Douglas burden-shifting analysis used in Title VII cases, or (2) a "mixed-motive" framework. E.E.O.C. v. Warfield-Rohr Casket Co., 364 F.3d 160, 163 (4th Cir. 2004).

In Count III, Mr. Christian brings a claim of age discrimination. Under the "pretext" framework, Mr. Christian can establish a prima facie case of discrimination by alleging that (1) he is a member of a protected class (at least forty years old); (2) he suffered an adverse employment action; (3) he was performing his job duties at a level that met ODI's legitimate expectations at the time of his termination; and (4) the position remained open or he was replaced by a substantially younger individual. O'Connor v. Consol. Coin Caterers Corp., 517 U.S. 308, 310-11 (1996); Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 285 (4th Cir.2004) (en banc). Under the "mixed motive" framework, Mr. Christian may establish his claim of age discrimination by demonstrating through direct or circumstantial evidence that ODI decision-makers relied in part on Mr. Christian's age when making the decision to terminate his employment. E.E.O.C. v. Warfield-Rohr Casket Co., 364 F.3d at 163; Desert Palace, Inc. v. Costa, 539 U.S. 90, 101 (2003); Laber v. Harvey, 438 F.3d

404, 430 (4th Cir.2006).

Mr. Christian alleges in Count III that the defendants illegally discharged him based on his age. Compl. ¶¶ 32, 33. The Complaint contains no facts in support of this claim. Nowhere is there an allegation of Mr. Christian's age at the time of his termination, the age of his replacement, or any facts to indicate his age played any part in ODI's decision to terminate him. Under Rule 8's notice pleading system, plaintiff's are not required to allege specific facts establishing a prima facie case of discrimination. Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 511(2002). Rule 8(a)(2) does, however, require a "'showing,' rather than a blanket assertion, of entitlement to relief." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). In order to provide fair notice of the claim, a plaintiff must set forth facts sufficient to allege each element of his claim. See Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. U.S., 289 F.3d 270, 281 (4th Cir.2002); Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1965. Mr. Christian's allegations in Count III fail to allege the most fundamental facts necessary to state a claim under the ADEA, and do not give defendants fair notice of his claim of age discrimination and the grounds upon which it rests as required by Rule 8. ODI's motion to dismiss Count III for failure to state a claim under Rule 12(b)(6) should be GRANTED.

### D.   ODI's Motion to Dismiss Count IV - Intentional Infliction of Emotional Distress

ODI asserts plaintiffs have provided no basis for concluding that they are entitled to maintain an independent cause of action for intentional infliction of emotional distress rather than seek recovery of emotional distress damages within the context of their Title VII claims. ODI Mem. Supp. Mot. Dismiss p. 15. To state a claim for intentional infliction of emotional distress under Virginia law, the plaintiffs must allege:

8

> (1) the wrongdoer's conduct is intentional or reckless; (2) the conduct is outrageous and intolerable; (3) the alleged wrongful conduct and emotional distress are causally connected; and (4) the distress is severe.

Russo v. White, 400 S.E.2d 160, 162 (Va. 1991); Womack v. Eldridge, 210 S.E.2d 145, 148 (Va. 1974). Intentional infliction of emotional distress torts are not favored in Virginia due to their subjective nature. Russo v. White, 400 S.E.2d at 162 (citing Ruth v. Fletcher, 377 S.E.2d 412, 415 (Va. 1989)). It is not enough that the defendant acted with tortuous or even criminal intent, it must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." Russo v. White, 400 S.E.2d at 162, (citing Restatement (Second) of Torts). Further, "liability clearly does not extend to mere insults, indignities, threats, annoyance, petty oppressions or other trivialities." Gaiters v. Lynn, 831 F.2d 51, 53 (4th Cir. 1987). Whether defendants' conduct is so extreme and outrageous as to permit recovery is a question of law for the court. Womack, 210 S.E.2d at 148.

    Plaintiffs' Complaint contains surprisingly few allegations regarding the defendants' conduct. The only substantive allegations incorporated into Count IV are: "racial slurs by the chief mate of Ocean Duchess were directed at Plaintiffs" (Comp. ¶ 17); and, plaintiffs "were subjected to racial discrimination by Defendants, and were forcibly terminated based on race" (Compl. ¶ 9). In federal court, plaintiffs do not have to plead emotional distress with the particularity required in Virginia Courts. Hatfill v. New York Times Co., 416 F.3d 320, 337 (4th Cir. 2005), cert. denied, 126 S.Ct. 1619 (2006). Plaintiffs merely need to give the defendants fair notice of the claim and the grounds upon which it rests. Id. at 337 (citing Swierkiewicz v. Sorema N.A., 534 U.S. at 512). Even under the relaxed pleading requirements of Rule 8, plaintiffs fail to allege facts sufficient to state a claim for

intentional infliction of emotional distress.

Virginia courts have held that "insensitive and demeaning conduct," including verbal abuse, does not rise to the level of extreme or outrageous conduct required to state a claim for intentional infliction of emotional distress. See Harris v. Kreutzer, 624 S.E.2d 24, 34 (2006). Moreover, plaintiffs' claim of forcible termination based on race is insufficient, without more, to support a claim for intentional infliction of emotional distress. See Hyatt v. Avco Financial Services Management, Co., No. 98cv745, 2000 WL 33912656, at *6 (E.D.Va. March 2, 2000)[2] (holding plaintiff's claim that she was denied a promotion for discriminatory reasons did not support a claim for intentional infliction of emotional distress); Karpel v. Inova Health Systems Services, Inc., No. 96-347-A, 1997 WL 38137, at *7 (E.D.Va. Jan. 27, 1997) (holding that, even if employer fired plaintiff due to racial animosity, this conduct did not rise to the requisite level of "outrageous"); Douglas v. Dabney S. Lancaster Community College, 990 F. Supp. 447, 465-66 (W.D.Va. 1997) (granting summary judgment and dismissing plaintiff's intentional infliction of emotional distress claim notwithstanding its finding that the plaintiff presented sufficient evidence of sexual harassment); Beardsley v. Isom, 828 F. Supp. 397, 401 (E.D.Va. 1993) (finding that a supervisor's gender based retaliation, after the plaintiff complained of sexual harassment, did not constitute the requisite "outrageous and intolerable conduct"). Plaintiffs' allegations of racial slurs and termination based on race fall woefully short of meeting the requisite level of outrageous conduct necessary to state a claim for intentional infliction of emotional distress.

Further, the plaintiffs give no indication of the type of emotional distress suffered as a result

---

[2] See Hupman v. Cook, 640 F.2d 497, 501 n.7 (4th Cir. 1981); Fed. R. App. P., Local R. 32.1.

10

of defendants' actions, alleging only that as a result of defendants' conduct and actions, plaintiffs "have suffered, and will continue to suffer, severe and extreme emotional distress." Compl. ¶ 38. In Hatfill, the Fourth Circuit held allegations that as a result of defendants' actions, plaintiff suffered "severe and ongoing loss of reputation and professional standing, loss of employment, past and ongoing financial injury, severe emotional distress and other injury" was sufficient to state a claim. Id. at 337. In contrast, the present Complaint fails to describe any emotional distress which has been suffered by the plaintiffs.

Plaintiffs Complaint has not given the defendants fair notice of plaintiffs' claims of intentional infliction of emotional distress and the grounds upon which they rest as required by Rule 8, and relies on the type of blanket assertion of entitlement to relief which cannot withstand a motion to dismiss. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1965. Therefore, the Court recommends GRANTING ODI's Motion to Dismiss Count IV of the Complaint.

### E. The DOT's Motion to Dismiss for Lack of Subject Matter Jurisdiction

The DOT has moved to dismiss the Complaint for lack of subject matter jurisdiction due to the plaintiffs' failure to timely exhaust their administrative remedies. Plaintiffs allege they "filed a timely complaint with the Equal Employment Opportunity Commission ('EEOC'), and both have received a right to sue letter." Compl. ¶ 12. The DOT argues in their motion to dismiss that while plaintiffs may have filed a complaint with the EEOC against ODI, they have not filed a complaint against the United States Government, United States Department of Transportation. DOT's Mem. Supp. Mot. Dismiss p. 13. In their opposition to the federal defendant's motion to dismiss, plaintiffs fail to address this issue.

A plaintiff must fully exhaust applicable administrative remedies before turning to the courts

for relief. Myers v. Bethlehem Shipbldg. Corp., 303 U.S. 41, 50 (1938). Before a federal court may assume jurisdiction over a claim under Title VII, a claimant must exhaust the administrative procedures enumerated in 42 U.S.C. § 2000e-5(b), which include an investigation of the complaint and a determination by the EEOC as to whether reasonable' cause exists to believe that the charge of discrimination is true." Davis v. North Carolina Dept. of Correction, 48 F.3d 134, 137 (4th Cir.1995). An age discrimination suit under the ADEA requires exhaustion of nearly identical administrative remedies. See 29 U.S.C. § 633(b); E.E.O.C. v. Commercial Office Products Co., 486 U.S. 107, 112 (1988) (Title VII and ADEA filing provisions are "virtually *in haec verba* "). Failure to timely exhaust administrative remedies is an appropriate basis for dismissal of a Title VII or ADEA action. See Irwin v. Dept. of Veterans Affairs, 498 U.S. 89, 96 (1990) (Title VII); Oscar Mayer & Co. v. Evans, 441 U.S. 750, 753 (ADEA).

Plaintiffs have failed to specifically allege exhaustion of administrative remedies with respect to the DOT. Further, plaintiffs have failed to respond to the DOT's assertion that plaintiffs have not exhausted administrative remedies, effectively conceding the issue. See Pueschel v. U.S., 369 F.3d 345, 353-354 (4th Cir. 2004) (holding failure to respond to a motion to dismiss entitles court to rely on uncontroverted facts presented by defendant). The burden is on the plaintiffs to demonstrate that they have timely exhausted their administrative remedies giving this court jurisdiction over their Title VII and ADEA claims. See Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir.1999). Plaintiffs have not met their burden, and the Court recommends GRANTING the DOT's motion to dismiss Counts I, II and III. Without these federal claims, the Court does not have jurisdiction over plaintiffs' state claim for intentional infliction of emotional distress. Further, for the reasons discussed above with respect to ODI's motion to dismiss Count IV, the court recommends GRANTING the DOT's motion

to dismiss Count IV.

### III. Recommendation

For the foregoing reasons, the Court recommends that ODI's motion to dismiss for failure to meet Title VII's definition of employer be DENIED; ODI's motion to dismiss Count II be DENIED; ODI's motion to dismiss Count III be GRANTED; ODI's motion to dismiss Count IV be GRANTED; and, the DOT's motion to dismiss the Complaint against the DOT be GRANTED.

### IV. Review Procedure

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(c), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(e) of said rules. A party may respond to another party's objections within ten days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court

based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); U.S. v. Schronce, 727 F.2d 91 (4th Cir. 1984).

                                                         /s/
                                           Tommy E. Miller
                                  United States Magistrate Judge

Norfolk, Virginia
November 7, 2007

**CLERK'S MAILING CERTIFICATE**

A copy of the foregoing Report and Recommendation was mailed this date to each of the following:

Deborah C. Waters, Esq.
Feguson, Rawls & Raines P.C.
332 W. Constance Road
P.O. Box 1458
Suffolk, VA 23439-1458

Megan S. Ben'Ary, Esq.
LeClair Ryan P.C.
225 Reinekers Lane
Suite 700
Alexandria, VA 22314

Vijay K. Mago, Esq.
P.O. Box 2499
Richmond, VA 23218-2499

George M. Kelley, III, Esq.
United States Attorney's Office
101 W. Main St.
Suite 8000
Norfolk, VA 23510

Fernando Galindo, Clerk

By _____
    Deputy Clerk

November    , 2007