IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



GREGORY L. WALLACE
DONALD CHRISTIAN

             Plaintiffs,

      v.                                       CIVIL ACTION NO.: 2:07cv300

OCEAN DUCHESS, INC., and
UNITED STATES GOVERNMENT
UNITED STATES DEPARTMENT OF
TRANSPORTATION MARITIME
ADMINISTRATION,

             Defendants.

## ORDER

This matter comes before the Court upon Defendants' Motion To Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)6. Plaintiffs brought this action against Defendants for violations of their rights under Title VII of the Civil Rights Act and 42 United States Code § 2000e-3(a) asserting that they were subjected to racial discrimination and forcibly terminated.

This motion to dismiss was referred to a United States Magistrate Judge for report and recommendation on October 12, 2007, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C)Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. On November 7, 2007, the Magistrate Judge filed his report recommending that ODI's motion to dismiss for failure to meet Title VII's definition of employer be Denied; ODI's motion to dismiss Count II be Denied;

1

ODI's motion to dismiss Count III be Granted;  ODI's motion to dismiss Count IV be Granted and, the United States Department of Transportation Maritime Administration ("DOT")'s motion to dismiss the Complaint against the DOT be Granted.  By copy of the report, each party was advised of their right to file written objections to the findings and recommendations made by the Magistrate Judge. The Court has received Plaintiffs' objection to the report.

Plaintiffs have filed an objection to the Magistrate Judge's recommendation that ODI's motion to dismiss Count III be granted for failure to state a claim upon which relief can be granted under rule 12(b)6 of the Federal Rules of Civil Procedure and a Motion for Leave to Amend Complaint. Plaintiffs argue that even though the Magistrate Judge's analysis is proper, sufficient facts exist to state a proper age discrimination claim.  Only the ages of the Plaintiffs and their replacements are missing from Count III.  Therefore, Plaintiffs move the Court for leave to amend Count III in lieu of dismissing Count III.

Federal Rule of Civil Procedure 15(a) provides that a party may amend a complaint once as of course any time before a responsive pleading has been filed. FED. R. CIV. P. 15(A).  Rule 15(a) also provides that after responsive pleadings have been filed, a party may amend his pleading only by leave of court or by written consent of the adverse party. Rule 15(a) further provides that "leave shall be freely given when justice so requires."  Leave to amend may be denied for undue delay, dilatory motive on the part of the moving party, futility of amendment, and undue prejudice to the nonmoving party. *Smith v. Angelone*, 111 F.3d 1126, 1134 (4th Cir. 1997); *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Connelly v. General Med. Corp.*, 880 F. Supp. 1100, 1109 (E.D. Va. 1995) (citation omitted). "'If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the

2

merits.'" *Davis*, 615 F.2d at 613 (quoting *Foman*, 371 U.S. at 182). In the absence of prejudice, the granting of leave to amend is normally warranted. *Id.*

The disposition of a motion to amend, however, is committed to the sound discretion of the Court. *See Murray v. State Farm Fire & Casualty Co.*, 870 F.Supp. 123, 125-26 (S.D.W.Va.1994) (citing *Deasy v. Hill*, 833 F.2d 38, 40 (4th Cir.1987)). Rule 15(a) "mandates a liberal reading of the rule's direction for 'free' allowance" *Ward Elecs. Serv., Inc. v. First Commercial Bank*, 819 F.2d 496, 497 (4th Cir.1987) (citing and quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)). "[T]o justify a denial of such leave [to amend], it must appear to the Court that the amendment is futile, offered in bad faith, prejudicial or otherwise contrary to the interests of justice." *Roper v. County of Chesterfield, Virginia*, 807 F.Supp. 1221, 1223 (E.D.Va.1992).

Here, the Court finds that it may properly exercise its discretion to grant Plaintiffs leave to amend Count III instead of dismissing Count III. None of the grounds which may justify a denial of the motion to amend are before the Court. Plaintiffs' proposed amendment of Count III is not futile, it is not requested in bad faith, and the ODI will not be unduly prejudiced by an amendment of Count III. Further, ODI has neither filed a response to Plaintiffs' objection to dismissal of Count III nor Plaintiffs' motion to amend. Defendant DOT has indicated it does not oppose the motion to amend. Accordingly, the motion to amend will be granted.

After careful review of the Magistrate Judge's Report and Recommendation, the Court does hereby accept the findings and recommendations set forth in the report of the United States Magistrate Judge filed November 7, 2007 in part. It is, therefore, **ORDERED** that ODI's motion to dismiss for failure to meet Title VII's definition of employer is **DENIED**; ODI's motion to dismiss Count II is **DENIED**; ODI's motion to dismiss Count III is **DENIED**, but

3

Plaintiffs' Motion for Leave to Amend Complaint regarding Count III is **GRANTED**; ODI's motion to dismiss Count IV is **GRANTED** and the DOT's motion to dismiss the Complaint against the DOT is **GRANTED**.

The Plaintiffs are granted leave to amend the complaint within fifteen (15) days of the date of this Order. The Clerk of the Court is **DIRECTED** to send a copy of this Order to counsel of record.

**IT IS SO ORDERED.**

Raymond A. Jackson
**United States District Judge**

Norfolk, Virginia
January 31, 2008

4